UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MELISSA ANN MARVEL, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | CAUSE NO. 3:08-CV-529 RM |
| ELKHART COUNTY COURT, MINNESOTA CHIPPEWA TRIBE, DAVE CHRISTENSON, WARREN HEISLER, FOND DU LAC, and MARY REICH, | ) | |
| Defendants | ) | |

OPINION AND ORDER

Melissa Marvel, acting *pro se,* filed a complaint asserting that the defendants violated rights protected by the Constitution's Fourteenth Amendment, and seeks leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed in forma pauperis at any time if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted.

Ms. Marvel brought this action based on diversity jurisdiction, but she doesn't properly allege diversity of citizenship. Ms. Marvel says she resides in Indiana and names the Elkhart County Court, Indiana as a defendant, so diversity doesn't appear to be complete as required by 28 U.S.C. § 1332. See Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 381 (7th Cir. 1990). Thus, Ms. Marvel can only bring this action in federal court if she has asserted claims conferring federal question jurisdiction. Because Ms. Marvel claims that the defendants violated her rights under the Fourteenth Amendment by depriving her of life,

liberty, and property without due process of law, this court will address her claims as arising under federal law.

Ms. Marvel contends she was denied property rights under the Fourteenth Amendment because Elkhart County Court hasn't required Michael A. Wood (the man she believes to be her father) to take a paternity test and as such, she was denied enrollment in a tribe and the right to attend law school as a Native American Indian. Specifically, Ms. Marvel makes the following allegations: she was adopted and the adoption took place in Elkhart County Court; she doesn't know how or who to petition to view her adoption records and therefore doesn't know what judge to name as a defendant; Michael A. Wood, a Native American, is her biological father, but she hasn't been able to obtain a paternity test to establish this; Mr. Wood's mother was removed from the rolls of Minnesota Chippewa Tribe in 1932; part of Mr. Wood's family is still enrolled with that tribe and other family members are enrolled in the Fond Du Lac reservation; Mr. Wood was wrongly denied enrollment into the Minnesota Chippewa Tribe because of his mother's wrongful removal from the rolls, which prevents Ms. Marvel's enrollment; Ms. Marvel applied to Fond Du Lac and Lac Courte Orielles for entry level positions, but was turned down; the Elkhart County Court failed to acknowledge her life-long property rights associated with being Native American by not establishing paternity of Mr. Wood; the Elkhart County Court wrongly prevented her enrollment in the tribe by denying the paternity test; and she was denied access to Thomas Cooley Law School as a Native American.

A claim may be dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of

facts in support of her claim that would entitle her to relief. A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1989); see also Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007). A claim based on an "indisputably meritless legal theory" is frivolous. Denton v. Hernandez, 504 U.S. at 32; Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. Lee v. Clinton, 209 F.3d. 1025, 1026 (7th Cir. 2000). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, and are liberally construed. Anderson V. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

Ms. Marvel cannot assert a direct Fourteenth Amendment claim against Elkhart County Court, but instead must assert a claim pursuant to 42 U.S.C. § 1983. See Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a § 1983 cause of action against a local governmental entity, the complaint must allege that the entity had a policy or custom that caused the deprivation of plaintiff's constitutional rights. Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 692-693 (1978); see also Bennett v. Roberts, 295 F.3d 687, 699 (7th Cir. 2002).[1] Because suits against local government officials in their official capacities represent another way of pleading an action against the local government, the officials may only be sued when the local government "would be suable in its own name." Monell v. Dept. of Social Servs., 436 U.S. at 691, n.55; see also Wright v. Lake County Sheriff's

---

[1] To the extent the Elkhart County Court receives state funding and is a state agency, the court is not a "person" and cannot be subject to liability under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989).

Dept., No. 2:04 CV 524, 2006 WL 1752138 at *3, *4 (N.D. Ind. 2006) (unpublished). Ms. Marvel states no claim under 42 U.S.C. 1983; she hasn't alleged that the Elkhart County Court had a policy or custom that caused her injury.

Even if Ms. Marvel could view her adoption records and name "exact defendants" from Elkhart County Court, judges are absolutely immune from civil liability for damages arising from their judicial acts so long as their actions fall within their judicial capacity and subject matter jurisdiction. John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990) (stating that a judge is entitled to absolute immunity as long as her actions fall within her jurisdiction as a judge and as long as the acts are performed within her judicial capacity). The Elkhart County judge would therefore be entitled to immunity.

The doctrine of tribal immunity bars Ms. Marvel's claims against the Chippewa and Fond Du Lac Tribe and tribal officials. "Suits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." Wisconsin v. Ho-Chunk Nation, 512 F.3d 921 (7th Cir. 2008) (citing Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991)); see also Ordinance 59 Ass'n v. Babbitt, 970 F. Supp. 914 (D. Wyo. 1997) (tribe counsel and its members in their official capacities were entitled to sovereign immunity from suit brought by individuals who claimed they were wrongly denied enrollment in the tribe). Tribal sovereign immunity is "a necessary corollary to Indian sovereignty and self governance." Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C., 476 U.S. 877, 894 (1986). This immunity extends not only to the tribe but also to its officers acting

4

in their official capacities and within the scope of their authority. Cohen v. Winkleman, 428 F. Supp. 2d 1184, 1186 (W.D. Okla. 2006) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59 (1978)); see also Bruette v. Knope, 554 F. Supp. 301, 304 (E.D. Wis. 1983). Ms. Marvel hasn't provided any factual allegations indicating that the tribal defendants waived their immunity or that immunity has been abrogated by statute, nor has she alleged that the tribal officials acted outside their authority; as such, her claims are subject to dismissal.

Ms. Marvel names tribal officials David Christenson, Warren Heisler, and Mary Reich, as parties, but she doesn't assert any allegations against them individually. Ms. Marvel merely makes the conclusory allegation that they "deprived and taken [sic] property from [her] which is protected by the 14th Amendment." Her complaint doesn't contain any other allegations as to their conduct, nor has she alleged any action taken by these defendants in their individual capacities outside their positions with the tribes. Ms. Marvel therefore hasn't asserted claims against these defendants in their individual capacity.

For the foregoing reasons, the court DENIES the plaintiff's motion to proceed *in forma pauperis* (Docket No. 2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED:    November 21, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court